IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ISRAEL CARL ISBELL,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES,<br>    Respondent. | Case No. 1:25-cv-1356 |

**Order**

Before the Court is Petitioner Israel Carl Isbell's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and Amended Petition (Doc. 2), Motion for Leave to Proceed in forma pauperis (Doc. 4), and Motion to Clarify (Doc. 5). Petitioner has paid the $5.00 filing fee, so his Motion (Doc. 4) is DISMISSED as moot. For the reasons below, the Court GRANTS Petitioner's Motion to Clarify (Doc. 5), but SUMMARILY DISMISSES Petitioner's § 2241 Petition (Doc. 1) and Amended Petition (Doc. 2).

**I**

Pursuant to Petitioner's Petition, he was arrested by the State of Illinois on September 3, 2009, for unlawful delivery of a controlled substance. After being released on bond, he was again arrested by the State of Illinois on October 1, 2009, for possession of child pornography.

In November 2009, the United States indicted Petitioner for receipt of child pornography in case this district in *United States v. Isbell,* Case No. 09-cr-10122, before Judge Mihm. His Illinois state case for possession of child pornography was dismissed and his previous bond was reinstated.

Petitioner states that on May 17, 2010, he pled guilty in state court to the charge for unlawful delivery of a controlled substance. (Doc. 1 at 3). Petitioner states that the State agreed to run their sentence concurrent with the yet to be imposed federal sentence and that the state sentence was stayed to allow Isbell to "self-surrender on June 26, 2010 (a day after the federal sentencing) so that the United States would have the exclusive primary custody and jurisdiction." *Id.*

At his federal sentencing hearing on June 25, 2010, Petitioner was sentenced to 180 months of imprisonments and a life-time of supervised release in his federal case. At this hearing, the parties and the Court were aware of the state court's goal of placing Petitioner in primary custody of the federal government so that his federal sentence could be served first. The judgment was entered on July 2, 2010. (Case No. 09-cr-10122, Doc. 43).

Petitioner's incarceration did not proceed as planned by the state court proceedings, as on July 12, 2010, the United States Marshal's lodged a detainer against Petitioner and told the Peoria County Jail that he could be transferred to IDOC custody to begin serving his state sentence. *Id.* at 3–4.

Petitioner also attached correspondence from the BOP to him from January 19, 2011, indicating that he was classified in federal records as a primary state prisoner since his state sentence was imposed on May 18, 2010, and that his federal sentence would run consecutively to his state sentence because the district court had not ordered otherwise. *Id.*

However, on July 28, 2011, after receiving a recommendation from the federal district court judge that his sentence be run concurrently with the state sentence, the BOP designated the IDOC as his place of imprisonment so that his sentences would be run concurrently.

After being released, Petitioner violated his federal supervised release and his supervised release was revoked on April 9, 2024. The amended revocation

2

judgment entered on November 6, 2024, sentenced him to 16 months of imprisonment, followed by an eight year term of supervised release. (Case No. 09-cr-10122, Doc. 219). He is currently serving this eight-year term of supervised release.

Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) on August 25, 2025, and argues that the United States lost jurisdiction over his entire sentence when they "surrendered its primary jurisdiction (and thus the right to enforce its judgment against Mr. Isbell."(Doc. 1 at 6). He seeks an order terminating of his supervised release due to a lack of jurisdiction to enforce the judgment.

II

In the Court's discretion, this matter is now before the Court for preliminary review of the § 2241 petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts. A federal district court, upon receiving a petition for writ of habeas corpus, must promptly undertake a preliminary review of the petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing Section 2254 Cases in the United States District Courts, Rule 4.

Petitioner's argument that his judgment is no longer enforceable—and that his supervised release therefore must be terminated—relies on the doctrine of primary custody. The doctrine of primary custody restricts how a federal sentence of imprisonment is calculated. The Attorney General, through the BOP, is responsible for computing terms of imprisonment for federal prisoners. *United States v. Wilson*, 503 U.S. 329, 333, 112 S. Ct. 1351, 1354 (1992). In making this calculation, the BOP first determines when a sentence begins to run, then determines what credits a prisoner is entitled to for prior custody. The BOP's

authority to determine when a sentence begins is restricted by the doctrine of primary custody and by 18 U.S.C. § 3585(a). *Pope v. Perdue*, 889 F.3d 410, 415 (7th Cir. 2018), *reh'g denied* (July 30, 2018). Pursuant to 18 U.S.C. § 3585(a), a federal sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of a sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).

Under the doctrine of primary custody, a prisoner's federal sentence only begins to run when he is in the primary custody of the federal government. *Id.* Generally, a prisoner is in the primary jurisdiction of the sovereign that first arrests him—meaning either the state or the federal government—until that sovereign "relinquishes its priority in some way." *Pope*, 889 F.3d at 415 (quoting *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005)). A sovereign releases its priority through such actions as releasing the prisoner on bail or parole. *Loewe v. Cross*, 589 Fed. Appx. 788, 790 (7th Cir. 2014). However, when a prisoner is "borrowed" through a writ of habeas corpus ad prosequendum, the state's primary custodial jurisdiction is not relinquished. *Jake v. Herschberger*, 173 F.3d 1059, 1061 n. 1 (7th Cir. 1999); *United States v. Lemus Rodriguez*, 495 Fed. Appx. 723, 726 (7th Cir. 2012). "In the absence of evidence that the transferring sovereign intended to maintain custody, we presume that the sovereign intended to relinquish it. This presumption promotes clarity for inmates, jailers, and courts." *Pope*, 889 F.3d at 415–16.

If Petitioner is correct, and the state had relinquished its primary custody over Petitioner prior to his federal sentencing, his federal sentence should have been computed as commencing on the day that he was sentenced in federal court—June 25, 2010. The record is not clear on whether this occurred, but Petitioner is not disputing his time in prison. Rather, he argues that his entire sentence—both imprisonment and supervised release—should have been

considered served as soon as he was "released" to state custody. However, the doctrine of primary custody is used to determine when a federal sentence *starts*, not when they *end*. Relinquishing primary custody does not impact the amount time of either a state or federal imprisonment sentence, but can impact whether the state and federal imprisonment sentence are run concurrently or consecutively.

Moreover, and more to the point, the doctrine of primary custody does not impose any rules or restrictions on when a term of supervised release begins or ends. It only imposes restrictions on the calculation of terms of *imprisonment*. Whether Petitioner served his state or federal sentence first, or was in state or federal primary custody, his term of supervised release could not have started until he was released from imprisonment (federal or state) and back in society.

The Court also notes that this habeas petition implicitly attacks the jurisdiction of the district court's order in his criminal case to revoke Petitioner's supervised release on April 9, 2024. To the extent that Petitioner is seeking to upset that judgment, he needed to present his arguments in his revocation proceedings or by way of motion under 28 U.S.C. § 2255, the so-called "federal prisoner's substitute for habeas corpus." *Camacho v. English*, 872 F.3d 811, 813 (7th Cir. 2017) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)).

Petitioner has also filed a Motion to Clarify and Place Government Correspondence in the Record (Doc. 5), which includes a letter from the AUSA Simpson W. Scottt Simpson indicating that they received a voicemail from Petitioner and that they would oppose his request for early termination of supervised release. Petitioner clarifies that he is seeking habeas relief, not a motion for early termination of supervised release under 18 U.S.C. § 3583. The Court found that Petitioner's request for habeas release as opposed to early termination of supervised release under 18 U.S.C. § 3583 was clear from the Petition, but will grant Petitioner's motion to ensure that the record is clear.

## III

The Clerk of Court is directed to enter judgment as follows: Petitioner Israel Carl Isbell's Motion for Leave to Proceed in forma pauperis (Doc. 4) is DISMISSED as moot, Petitioner's Motion to Clarify (Doc. 5) is GRANTED, and Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and Amended Petition (Doc. 2) are SUMMARILY DISMISSED.

*It is so ordered.*

Entered on October 16, 2025.

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE